Filed 11/7/23  P. v. Santiz CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOEL SANTIZ,<br><br>Defendant and Appellant. | F084188<br><br>(Kern Super. Ct. No. BF182234A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Hilda Scheib, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant and defendant Joel Santiz (defendant) was sentenced under the "One Strike" law for various sexual crimes he committed against children under the age of 14. He contends the charging document failed to provide adequate notice the court might impose terms of 25 years to life under Penal Code section 667.61, subdivision (j)(2)[1] of the "One Strike" law. For the reasons explained herein, we reject that contention and affirm.

## BACKGROUND

In an amended information, the Kern County District Attorney charged defendant with oral copulation or sexual penetration of Jane Doe #1, a child under 10 years old (count 1; § 288.7, subd. (b)), lewd or lascivious act upon Jane Doe #1, a child under 14 years old (count 2; § 288, subd. (a)), penetration of Jane Doe #1, a child under 14 years old, with a foreign object (count 3; § 289, subd. (j)), lewd or lascivious act upon Jane Doe #2, a child under 14 years old (count 4; § 288, subd. (a)), repeated sexual conduct with Jane Doe #3, a child under the age of 14 with whom defendant resided or had recurring access (count 5; § 288.5, subd. (a)), lewd or lascivious act upon Jane Doe #3, a child under the age of 14 (count 6; § 288, subd. (b)(1)), and oral copulation with Jane Doe #3, a child under the age of 14 (count 7; § 287, subd. (c)(1).) The amended information also alleged multiple victim enhancements (§ 667.61, subd. (e)(4)) as to counts 2, 4, 5, 6, and 7.

A jury convicted defendant of counts 1 through 5 and found true the multiple victim enhancement on counts 2, 4, 5. The jury acquitted defendant of counts 6 and 7 and found the multiple victim enhancements as to those counts to be untrue.

The court sentenced defendant to 25 years to life for count 2, plus a consecutive 25 years to life term for count 4, plus a concurrent term of 25 years to life for count 5,

---

[1] All further undesignated statutory references are to the Penal Code unless otherwise stated.

plus a stayed (§ 654) term of 15 years to life on count 1, plus a stayed (*ibid*.) term of six years on count 3.

**FACTS**

M.R.[2] is married to defendant.  However, they separated and stopped living together in 2015.  M.R. and defendant had a son together named G.S.  M.R. also had a daughter, Jane Doe #3, but defendant is not her biological father.  Jane Doe #3 was born in March 2009.

As of 2020, M.R. and defendant shared custody of their children, with defendant having them on the weekends.

When they were younger, M.R.'s niece Jane Doe #1, would come to stay with M.R. and defendant every summer.

### *Jane Doe #1*

Jane Doe #1 testified that she was born in April 2004.  In 2013, when she was nine years old, she stayed with her aunt, defendant, and two cousins.  Jane Doe #1 referred to defendant as her uncle at the time.

Jane Doe #1 remembered defendant touching her sexually two times in 2013.  Specifically, he would put his fingers inside of her vagina.

The first time, it occurred in the early morning.  Jane Doe #1 woke up to defendant standing beside her bed, touching her vagina.  Afterwards, Jane Doe #1 told her brother but did not tell any adults.  Over a week later, defendant rubbed her clitoris as they lie in bed.

The first time Jane Doe #1 told any adults about the incidents was in the summer of 2020 when she told her aunt, M.R.  M.R. did not believe Jane Doe #1 because she was troubled, and her own mother and sisters said she was lying.  Two months later, Jane

---

[2] M.R.'s name is suppressed to enhance privacy for the victims in this case.

Doe #1 first became aware of an investigation regarding defendant and her cousin, Jane Doe #3. Jane Doe #1's sister told her Jane Doe #3 had been molested.

For about two weeks, M.R. continued to let her children, including Jane Doe #3, go to defendant's house.

### Jane Doe #2

Jane Doe #2 was born in April 2008. Defendant is the brother of Jane Doe #2's stepdad.

Defendant lived at the same house as Jane Doe #2 for a period of time. Jane Doe #2 would help translate for defendant at work.

Defendant touched Jane Doe #2's vagina many times. These incidents would happen in bedrooms, the living room, the kitchen, and defendant's truck. Defendant would also touch Jane Doe #2's breasts, both under and over her clothing. When defendant touched Jane Doe #2's breasts, he told her she was "growing."

Sometimes, defendant would put his lips "in" Jane Doe #2's vagina and would use his tongue to "kiss" her vagina. Jane Doe #2 tried to close her legs, but defendant opened them. It hurt when defendant opened her legs. This occurred "probably, like, five times."

Jane Doe #2 did not tell her mother because she was scared. Jane Doe #2 lied to a police officer, saying defendant had only touched her leg. She lied because she was scared that she would have to tell her mother.

The first time Jane Doe #2 met the prosecutor in this case, she said she had more details she wanted to share. The prosecutor had Jane Doe #2 speak with an investigator. Jane Doe #2 told the investigator that defendant had touched her sexually. Jane Doe #2 then spoke with a lady who had her circle on a piece of paper the places defendant had touched her.

4.

### Jane Doe #3

Jane Doe #3 testified defendant would rub his penis on her vagina. Defendant would also take her clothes off and make "movements" with his fingers on her vagina. !(RT 684-685, 688)! This would occur every weekend she went to his house.

Sometimes Jane Doe #3 would wake up to defendant touching near her private part. Jane Doe #3 would pretend she was waking up and would try to pull her pants up or turn around. When she tried to pull her pants up, defendant would push her down.

Defendant would put his fingers "a little bit" into her vagina. Defendant also "used his mouth." Jane Doe #3 would feel ejaculate on her body afterwards.

Jane Doe #3 felt like if she did anything to try to escape or tell anyone, he would hurt her. Jane Doe #3 testified defendant was a father to her and that she trusted him before all this started happening.

M.R. called police in August 2020 after a conversation with Jane Doe #3 regarding her not wanting to go over to defendant's house.

### Defendant's Interrogation

The transcript of defendant's interrogation was admitted into evidence. Defendant admitted to touching Jane Doe #3's vagina with his hand five or six times. However, he claimed to only touch the outside or "edges" of her vagina so that she would remain a virgin. Defendant also said he "used [his] lips" and his mouth two times. He put his tongue in her vagina one time. Defendant also let his penis touch her vagina one time, and he touched her breasts one time. Defendant also admitted to ejaculating on Jane Doe #3.

When asked if he had "ever done this" with other girls, defendant said he had touched "her" on the leg, apparently referring to Jane Doe #1. When asked if he touched Jane Doe #2, defendant said he had. He later said this occurred on three separate occasions. On one occasion, he touched her leg and her vagina over her underwear. Jane

Doe #2 closed her legs in response. On the second and third occasions, defendant touched Jane Doe #2's vagina under her underwear.

### *Dr. Musacco's Testimony*

The prosecution called psychologist Michael Musacco, Ph.D. as a witness. Child Sexual Abuse Accommodation Syndrome "is composed of five stages that actual victims experience that may be difficult for an adult to believe or understand." The first two stages are secrecy and helplessness, wherein a child is being secretly abused and they either feel incapable of escaping or are not aware that the situation is abusive. The third stage is accommodation where in the child "learn[s] to live with it somehow." The fourth stage is delayed or unconvincing disclosure. A child might not tell anyone about the abuse for years and even when they do it "comes out in fits and starts." The fifth stage is retraction where the child says they made up the abuse.

### DISCUSSION

### *Law*

Section 667.61, often referred to as the One Strike law, provides for mandatory prison sentences of 15 or 25 years to life for certain sex offenses committed under certain circumstances. (§ 667.61.) We will walk through the statutory structure by which section 667.61 accomplishes this, because it is pertinent to the issue raised on appeal.

In section 667.61, subdivision (c), the statute lists the sex crimes to which the statute applies – i.e., multiple types of rape, multiple types of lewd or lascivious acts, sexual penetration, sodomy, oral copulation, and continuous sexual abuse of a child. In subdivisions (d) and (e), the statute sets forth two categories of "circumstances" under which these crimes could be committed. For example, the defendant inflicted great bodily injury during the offense or committed the offense against multiple victims.

Section 667.1, subdivision (a) provides that if the defendant committed a listed sex crime under *one* of the circumstances listed in subdivision (d) or *two* of the circumstances listed in subdivision (e), they will receive a prison sentence of 25 years to life.

6.

Subdivision (j)(2) adds another instance where a 25-year to life sentence is mandatory: when the defendant committed a listed sex crime under *one* of the circumstances listed in subdivision (e) *upon a victim who is a child under 14 years of age*.

Pursuant to section 667.1, subdivision (b), if the defendant committed a listed sex crime under *one* of the circumstances listed in subdivision (e) – and the victim was 14 years of age or older – they will receive a prison sentence of 15 years to life.[3] (§ 667.61, subd. (b).)

Thus, the combined effect of these provisions is that the presence of only a single circumstance listed under section 667.1, subdivision (e) can lead to one of two prison sentences: 25 years to life if the offense was committed upon a child under 14 years of age (§ 667.1, subd. (j)(2)), otherwise 15 years to life (*id*., subd. (b)).

### *Pleading*

"It is a fundamental rule of due process that a defendant must be given fair notice of any alleged crimes in order to mount a possible defense.  (U.S. Const., 6th Amend. ['the accused shall enjoy the right … to be informed of the nature and cause of the accusation']; U.S. Const., 14th Amend.; Cal. Const., art. I, § 15.)  A defendant's right to fair notice applies equally to 'allegations that will be invoked to increase the punishment for his or her crimes.' " (*In re Vaquera* (2019) 39 Cal.App.5th 233, 238–239, review granted Nov. 26, 2019, S258376.)

In California, an "accusatory pleading does not have to state the number of the statute, it may be 'in any words sufficient to give the accused notice of the offense of which he is accused.'  (§ 952; [citation].)" (*In re Vaquera*, *supra*, 39 Cal.App.5th at p. 239.)  "Similarly, the number of an enhancement statute does not have to be alleged, so long as the accusatory pleading apprises the defendant of the potential for the enhanced

---

[3] The statute also contains various exceptions.  (See § 667.61, subds. (j), (l), (m).)

penalty and alleges every fact and circumstance necessary to establish its applicability." (*Ibid.*)

The One Strike law has a specific provision concerning pleading. Its subdivision (o) provides: "The penalties provided in this section shall apply only if the existence of any circumstance specified in subdivision (d) or (e) is alleged in the accusatory pleading pursuant to this section…."

*Additional Facts*

In the present case, defendant was charged with multiple sex crimes listed in subdivision (c), including lewd and lascivious act upon a child under the age of 14 years (counts 2 and 4; § 288, subd. (a)), and continuous sexual abuse of a child (count 5; § 288.5, subd. (a)). In all three of those counts, it was expressly alleged the victim was a child under the age of 14 years.

As to counts 2, 4, and 5, the information also alleged as follows:

"It is further alleged that in the commission of the crime … the defendant has been convicted in the present case or cases of committing an offense specified in section 667.61(c) of the Penal Code against more than one victim, within the meaning of Penal Code section 667.61(e)(4)."

The jury convicted defendant on counts 2, 4, and 5 (among others). The jury also found true the multiple victim enhancements to those counts. Those were worded as follows:

"We, the Jury, empaneled to try the above entitled case, find it to be true that the defendant, JOEL SANTIZ, has been found guilty in the present case of committing an offense specified in Section 667.61(c) of the Penal Code against more than one victim, within the meaning of Penal Code section 667.61(e)(4), as alleged in the Second Count of the Information."

*Analysis*

Defendant argues that "nothing" in the information provided him with fair notice that he would be subject to a 25-year-to-life sentence. Not so. The information alleged

8.

every factual predicate needed for a 25-year-to-life sentence under section 667.1, subdivision (j)(2) of the One Strike law.

First, it alleged that defendant committed continuous sexual abuse of a child and two counts of lewd and lascivious conduct. Both of those crimes are listed in section 667.1, subdivision (c) of the One Strike law as a qualifying sex offense. And the information expressly cited subdivision (c) to this effect.

Second, the information alleged that defendant committed a qualifying offense against more than one victim. This is one of the circumstances listed in section 667.61, subdivision (e). (See § 667.61, subd. (e)(4).) The information expressly cited to subdivision (e)(4) of the One Strike law.

Finally, the information alleged that each of the substantive offenses (counts 2, 4, and 5) were committed against a child under the age of 14 years. This fact, combined with the presence of the single subdivision (e) circumstance described above, requires a 25-year-to-life sentence under section 667.1, subdivision (j)(2).[4] As defendant emphasizes, the information did not expressly cite to subdivision (j)(2) or subdivision (b). However, it was not required to, as explained below.

Identifying a specific subdivision of section 667.61 can be sufficient to provide adequate notice, but it is not required. (*People v. Mancebo* (2002) 27 Cal.4th 735, 754.) Adequate notice can also be conveyed by a factual description of the qualifying statutory circumstances and a general reference to section 667.61 without any subdivision citations. (*Ibid*.) The important factor here is that the information contained all of the

---

[4] Moreover, each of these three facts were ultimately found true by the jury. The fact that defendant committed the underlying offenses and that those offenses were committed against children under the age of 14 years is reflected in the jury's guilty verdicts on those counts. (These verdicts necessarily reflect a finding as to the children being under 14 years because that was an element of each of these offenses.) And the fact that defendant committed qualifying offenses against more than one victim is reflected in the jury's true finding on the enhancement.

9.

*factual* allegations needed to impose sentence under subdivision (j)(2), and the enhancement contained several other citations to the One Strike law.

In sum, we find the combined effect of two facts to be dispositive: (1) the information made amply clear that the prosecution intended to have the One Strike law applied to defendant's case, and (2) all of the facts ultimately used to select which One Strike law sentence would be imposed were alleged in the information. In light of these two factors, the absence of a direct statutory citation to section 667.1, subdivision (j)(2) does not warrant reversal.

### Section 667.1, Subdivision (o)

Section 667.1, subdivision (o)'s requirement that the information alleged the "circumstance specified in subdivision (d) or (e)" does not alter this conclusion. The exceedingly plain language of that provision requires only one thing: that the information allege one or more circumstances under subdivision (d) or (e). The information here satisfied that requirement in alleging the multiple victim circumstance under subdivision (e).

Section 667.1, subdivision (o) does not speak to pleading the *legal* effect of the circumstance(s) present from subdivision (d) or (e). The *legal* effect of one or more *factual* circumstances in subdivision (d) or (e) is governed by other provisions, such as subdivisions (a), (b) and (j). Subdivision (o) quite reasonably concerns itself with a singular *factual* allegation that must be present in the charging document: the circumstance(s) present from subdivision (d) or (e). The Legislature's choice not to require allegations concerning other aspects of the One Strike law is not one for us to disturb. By declining to require anything more, the Legislature left in effect the standard pleading rules as to all other aspects of the One Strike law, including the principle that specific statutory citations are not necessarily required.

Defendant argues otherwise, citing *People v. Anderson* (2020) 9 Cal.5th 946, 956. That case involved an enhancement that was alleged as to one count but was

subsequently imposed on another count for which it was not alleged. There, the Supreme Court held:

> "A pleading that alleges an enhancement as to one count does not provide fair notice that the same enhancement might be imposed as to a different count. When a pleading alleges an enhancement in connection with one count but not another, the defendant is ordinarily entitled to assume the prosecution made a discretionary choice not to pursue the enhancement on the second count, and to rely on that choice in making decisions such as whether to plead guilty or proceed to trial." (*Ibid.*)

The present situation is quite different. By alleging an enhancement under the One Strike law as to counts 2, 4 and 5, defendant was made aware of the sentencing scheme that might be used to sentence him on those counts. The enhancement alleged one of the circumstances under section 667.1, subdivision (e). Under section 667.61, the clear consequence of this allegation was that defendant would be subject to either a sentence of 15 years to life (§ 667.61, subd. (b)) or 25 years to life (*id.*, subd. (j)(2)) depending on the age of defendant's victims. And the information clearly alleged defendant's victims were under 14 years old, which means subdivision (j)(2) and not subdivision (b) governed.

Defendant relies on *People v. Jimenez* (2019) 35 Cal.App.5th 373, where the Court of Appeal ruled differently under similar circumstances. *Jimenez* concluded that because the information cited section 667.1, subdivisions (b) and (e),[5] but not (j), it "only informed [defendant] he could be sentenced to terms of 15 years to life under … section 667.61, subdivisions (b) and (e) for committing the alleged offenses against multiple victims." (*Jimenez*, at p. 397.) The unstated premise behind this conclusion is that a charging document can only "inform" a defendant of a possible sentence by citing to the specific subdivision under which sentence would be imposed. We disagree with that premise. As noted above, identifying a specific subdivision of section 667.61 is one of

---

[5] The information here cited to subdivisions (c) and (e) but not (b).

several ways to provide notice to a defendant. (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 754.) Alternatively, adequate notice can also be conveyed by a factual description of the qualifying statutory circumstances and a general reference to section 667.61 without any subdivision citations. (*Ibid.*)

Here, by citing to the One Strike law and alleging the factual predicates needed to impose sentence under section 667.1, subdivision (j)(2), the information provided sufficient notice to defendant.

## DISPOSITION

The judgment is affirmed.


POOCHIGIAN, Acting P. J.

WE CONCUR:


DETJEN, J.


SNAUFFER, J.


12.